**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | |
|---|---|
| SAFECO INSURANCE COMPANY OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> LAWRENCE BRUNOLI, INC. and LAWRENCE BRUNOLI, JR., <br><br> Defendants. | No. 3:12-cv-1105 (MPS) |

**RULING ON REQUEST FOR ADDITIONAL ATTORNEYS' FEES**

This case requires the Court to determine whether it has authority to make a supplemental award of attorneys' fees based on a contract and incurred by the plaintiff in defending an appeal from an earlier ruling of this Court, when the Court of Appeals has remanded the case for a limited purpose unrelated to attorneys' fees. I find that the Court does have such authority. The Court of Appeals' decision did not address attorneys' fees and thus its mandate does not bar this Court from doing so. Further, although no Federal Rule applies here, the logic of the Supreme Court's decision in *White v. New Hampshire Dep't of Employment Sec.*, 455 U.S. 445 (1982), principles of judicial economy, and the Supreme Court's teachings on "ancillary jurisdiction" call for allowing a party to update an attorneys' fees award to reflect additional expenses it incurs from the continuation of the litigation. The party should not have to file a separate lawsuit to collect such supplemental fees, as the defendants contend here. I therefore will grant the plaintiff's request for attorneys' fees related to the appeal because the plaintiff could not reasonably have been expected to seek those fees earlier. I will deny the remaining requests for attorneys' fees, however, because the Court lacks authority in this procedural posture to award

attorneys' fees for new breaches of contract unrelated to determinations made by the Court earlier.

## I. Background

On July 31, 2012, Plaintiff, Safeco Insurance Company of America ("Safeco"), filed this action seeking damages arising from an indemnity agreement it had signed with Defendants Lawrence Brunoli, Inc., and Lawrence Brunoli, Jr. (collectively, "LBI"). Under the agreement, LBI agreed to indemnify Safeco in connection with bonds issued by Safeco, as surety, on behalf of LBI, as principal, for various construction projects. On February 21, 2014, this Court granted in part and denied in part Safeco's motion for summary judgment. (ECF No. 44 ("February 21 Ruling"), transcript at ECF No. 64-6.) In that ruling, the Court found LBI liable under the indemnity agreement for collateral security and attorneys' fees incurred as a result of actions taken against Safeco related to its issuance of the surety bonds. The Court also found that Safeco was entitled to attorneys' fees incurred in prosecuting this action under the indemnity agreement's broad language making LBI liable for all loss, costs, and expenses, including reasonable attorneys' fees, "by reason of [Safeco's] having executed any Bond" or "incurred by [Safeco] on account of any Default" by LBI. (ECF No. 64-5 at 2.) The Court denied summary judgment, however, as to the amount of attorneys' fees, finding that Safeco had not adequately established that amount. In the interest of judicial economy, the Court provided Safeco the opportunity to submit affidavits and itemized statements further documenting the amount of attorneys' fees and other costs it had incurred. On May 16, 2014, after finding the affidavits and itemized statements Safeco submitted sufficient to trigger the indemnity agreement's "prima facie evidence clause" – and LBI's responses inadequate to rebut the presumptive validity of the

claimed fees – the Court granted summary judgment and awarded Safeco $126,036.51. (ECF No. 51 ("May 16 Ruling"), transcript at ECF No. 64-7.)

On June 26, 2014, LBI appealed the portion of this Court's judgment requiring LBI to post collateral to secure Safeco from loss; it did not appeal the attorneys' fees award. On August 12, 2014, Safeco filed a "Partial Satisfaction of Judgment," stating that "the monetary judgment in the amount of $126,036.51 [i.e., the attorneys' fees award] . . . is satisfied," that "[t]he remaining judgment requiring the posting of collateral by defendants remains unsatisfied," and that "[n]othing in this Partial Satisfaction of Judgment shall be deemed a waiver of Safeco's rights to seek additional monetary amounts from defendants arising out of defendants' appeal and pursuant to the indemnity agreement executed by defendants." (ECF No. 57.) On April 1, 2015, the Court of Appeals for the Second Circuit affirmed this Court's determination that Safeco was entitled to summary judgment on liability; the mandate issued on April 22, 2015. (ECF No. 58.) Because many of the third-party claims against Safeco had concluded between the filing of the appeal and the date of the Court of Appeals' ruling, however, the panel vacated the portion of this Court's ruling setting the amount of collateral security LBI was required to provide Safeco, and instructed this Court to determine the proper amount under the changed circumstances. *Safeco Ins. Co. of Amer. v. Lawrence Brunoli, Inc.*, 599 Fed. App'x 9, 11 (2d Cir. April 1, 2015). On May 12, 2015, this Court held a status conference, during which, according to Safeco, its counsel stated his intention to submit a request for additional attorneys' fees and expenses. (*See* ECF No. 67, at 2.) This accords with the Court's own recollection, and LBI does not dispute that Safeco raised its intention to seek additional fees at the May 2015 status conference. The Court ordered Safeco to file "a motion to amend the judgment" by June 12, 2015, and on that date, Safeco filed a pleading entitled "Motion to Amend Judgment to

Reduce Requested Collateral and Request for Additional Incurred Attorney's Fees and Expenses." (ECF No. 64.)  Along with its motion, Safeco submitted a stipulation by the parties requesting a reduced amount of collateral security of $573,397.11.  (ECF No. 64-4.)  On July 23, 2015, this Court granted Safeco's motion in part, reducing the required collateral security to the amount stipulated to by the parties.  (ECF No. 68.)

As for the request for additional attorneys' fees, Safeco contends it is entitled to supplemental attorneys' fees with respect to the following activities: (1) "preparing the application for fees and expenses" in response to the February 21 Ruling, (2) "attending the trial of the Suntech of Connecticut matter that was tried between October 28, 2014 and November 25, 2014," (3) "defending itself, and ultimately prevailing, in the appeal Defendants filed in the Second Circuit of this Court's judgment," (4) "responding to a specious Department of Insurance Complaint that Defendants filed asserting that Safeco was improperly seeking indemnification from Defendants despite the fact that this precise issue was before this Court and ultimately decided in Safeco's favor," and (5) "additional attorney's fees associated with concluding various payment bond claims that were asserted against Safeco."  (ECF No. 64-1, at 3.)  The Court sought and has received further briefing from the parties regarding its authority to supplement Safeco's award of attorneys' fees in this procedural posture.

## II. Discussion

### A. *Authority to Award Supplemental Attorneys' Fees*

Safeco argues that this Court has "inherent power" to grant supplemental attorneys' fees arising from activities related to the underlying action but occurring after the original judgment. LBI asserts, however, that "[t]his case is on remand from the Second Circuit Court of Appeals for the singular purpose" of "'recalculat[ing] the collateral security due to Safeco . . . in light of

4

the intervening settlement.'"  (ECF No. 65 at 2 (quoting Mandate of USCA dated April 22, 2015, ECF No. 58).).  LBI also contends that to award the supplemental fees sought by Safeco, the Court would have to reopen its original judgment because LBI has already satisfied the attorneys' fees portion of the judgment.  According to LBI, either Rule 59(e) or Rule 60(b) governs this Court's authority to grant such relief, and Safeco's request for supplemental fees does not satisfy the time and substantive requirements of those provisions.  LBI argues that to obtain the supplemental fees it is seeking, Safeco must file another action.  (*Id.* at 3 & n.3.)

To the extent that LBI is arguing that the Second Circuit's remand order forecloses Safeco's request for supplemental attorneys' fees under the "mandate rule," it is incorrect.

> The "mandate rule" is an application of the "law of the case" doctrine, which states that a district court is bound by the mandate of a federal appellate court and generally may not reconsider issues decided on a previous appeal.  When a case has been decided by a circuit court on appeal and remanded to the district court, every question which was before the circuit court and disposed of by its decree is finally settled and determined.  Unlike the doctrine of res judicata, however, the "law of the case" doctrine does not seek to sweep under its coverage all possible issues arising out of the facts of the case.  Rather, the scope of the "law of the case" doctrine is limited to issues that were decided either explicitly or by necessary implication.

*New Shows, S.A. de C.V. v. Don King Prods., Inc.*, No. 95-cv-8851-RPP, 2001 WL 668927, *2 (S.D.N.Y. June 13, 2001) (citations, internal quotations marks, and alterations omitted) *rev'd on other grounds* 50 Fed. App'x 49 (2d Cir. Nov. 5, 2002); *see also United States v. Stanley*, 54 F.3d 103, 107 (2d Cir. 1995) ("The [mandate] rule bars the district court from reconsidering or modifying any of its prior decisions that have been ruled on by the court of appeals.  The district court, however, retains discretion under the mandate rule to reconsider, on remand, issues that were not expressly or implicitly decided by [the appellate] Court." (citations and internal quotations marks omitted)).  Because LBI did not appeal this Court's decision awarding Safeco attorneys' fees, the Court of Appeals did not address the issue of attorneys' fees at all.  Rather, it

5

only reviewed this Court's reading of the indemnity agreement to require LBI to pay collateral security.  Thus, because the Court of Appeals did not address – explicitly or implicitly – the issue of Safeco's attorneys' fees, the mandate rule does not bar this Court from awarding supplemental fees.

There is no Federal Rule that addresses this Court's authority to supplement attorneys' fees in this procedural posture.  Rules 59(e) and 60(b) do not apply because Safeco is not seeking relief from this Court's previous order awarding attorneys' fees; instead, it is seeking fees the bases for which this Court never addressed.  Rules 59(e) and 60(b) provide parties relief from a judgment by rectifying errors in a decision resolving issues presented to the court.  A supplemental fee award falls outside the scope of such relief because the issues raised in a motion for supplemental fees – such as fees incurred in defending an appeal – could not have been presented to the court when it made its original decision awarding fees.  As the Third Circuit has stated, "a supplemental request for fees and expenses incurred during a period of time *different from and subsequent to* the time period covered by an initial fee award cannot be a motion under Rule 59(e) because the supplemental request does not seek to alter or amend the initial award."  *United States v. Eleven Vehicles, Their Equip. & Accessories*, 200 F.3d 203, 209 (3d Cir. 2000) (emphasis in original) (citation omitted); *see also Brown v. Local 58, Intern. Broth. of Elec. Workers, AFL-CIO*, 76 F.3d 762, 769–70 (6th Cir. 1996) ("[W]e believe that the fact that this [attorneys' fees] application was supplemental to another fee application does not transform the request into a Rule 59(e) motion.  The supplemental application did not ask the district court to alter or reconsider its original order granting fees; it merely sought to recover for the time period not addressed in the original application.").  Similarly, a Rule 60(b) motion attacks a judgment on the grounds that it is defective because, for example, a party subsequently

discovered evidence that questions the propriety of the judgment on the issue to which the evidence relates (under Rule 60(b)(2)) or one of the parties committed fraud in presenting its case on an issue (under Rule 60(b)(3)). As such, a Rule 60(b) motion necessarily applies only to matters that have been already presented to the court.[1] A motion for supplemental attorneys' fees thus falls outside Rules 59(e) and 60(b)'s scope because it presents the court with an issue that could not have been brought to the court's attention previously. Finally, Rule 54(d), which normally governs motions for attorneys' fees, does not apply to this case because, as this Court's summary judgment rulings make clear, the attorneys' fees Safeco seeks are the result of contractual damages. The 1993 Advisory Committee Notes for Rule 54(d) state that that Rule does not "apply to fees recoverable as an element of damages, as when sought under the terms of a contract." As a result, no Federal Rule of Civil Procedure guides Safeco's motion.

Safeco's motion, then, presents the following question: whether, in the absence of a controlling rule, this Court may nonetheless provide a party with post-appeal supplemental attorneys' fees. I conclude that it may.

First, the absence of a controlling rule does not preclude this Court from providing supplemental attorneys' fees. In *White v. New Hampshire Dep't of Employment Sec.*, 455 U.S. 445 (1982), the Supreme Court ruled that Fed. R. Civ. P. 59(e)'s filing deadline did not limit post-judgment fees sought under 42 U.S.C. § 1988. Using reasoning similar to that described above, the Court noted that Rule 59(e) is invoked "only to support reconsideration of matters properly encompassed in a decision on the merits. By contrast, a request for attorney's fees under § 1988 raises legal issues collateral to the main cause of action – issues to which Rule

---

[1] Rule 60(b)(6), a residual provision providing relief for "any other reason that justifies" it, is also inapplicable here. Relief under that provision is reserved for instances in which "there are extraordinary circumstances or where the judgment may work an extreme and undue hardship." *DeWeerth v. Baldinger*, 38 F.3d 1266, 1272 (2d Cir. 1994) (citation omitted). The circumstances of this case do not fit within either description.

59(e) was never intended to apply." *Id.* at 451. But the *White* Court did not explain whether any other rule applied to that scenario. Rather, it stated that district courts have discretion to deny fee requests that are unfairly surprising or prejudice the affected party. *Id*. at 454.[2] The Third and Fourth Circuits have relied on *White* in stating that equitable principles govern a district court's consideration of such motions in the absence of a controlling rule: "In the absence of a timeliness requirement imposed by statutory command, a Federal Rule of Civil Procedure, or an applicable local court rule, the only time limitation arises out of those equitable considerations that a district judge may weigh in his discretion." *Eleven Vehicles, Their Equip. & Accessories*, 200 F.3d at 210 (citation and internal quotation marks omitted); *see also Hicks v. Southern Maryland Health Systems Agency*, 805 F.2d 1165, 1167 (4th Cir. 1986) ("In the absence of an applicable local rule in the district court, the only time limitation arises out of those equitable considerations that a district judge may weigh in his discretion.").

Second, as the Fourth Circuit ruled in *Hicks*, a district court retains post-judgment, post-appeal jurisdiction over a case in order to entertain attorneys' fees requests. The defendants in *Hicks* sought attorneys' fees under Rule 11 for the first time in the district court after the Court of Appeals, in affirming the district court's decision granting summary judgment, reprimanded the plaintiffs for prosecuting a frivolous lawsuit. The district court awarded the Rule 11 attorneys' fees. The plaintiffs again appealed, arguing the district court lacked jurisdiction to award attorneys' fees after its decision was affirmed by the Court of Appeals. The Court of Appeals ruled that the district court retained jurisdiction to award such fees, citing *White*. *Hicks*, 805 F.2d

---

[2] Justice Blackmun filed a concurring opinion, in which he argued that *none* of the Federal Rules applied to post-judgment fee requests under Section 1988, and emphasized that district courts should be allowed to set local rules to govern this procedure. *Id.* at 455–56 (Blackmun, J., concurring). This Court has not adopted a Local Rule addressing requests for supplemental attorneys' fees incurred on appeal or in other post-judgment proceedings. D. Conn. L. Civ. R. 11(a), which requires the filing of motions for attorneys' fees within thirty days of the entry of judgment, obviously does not contemplate supplemental requests for fees incurred on appeal.

at 1167 ("The Supreme Court seems to have held in *White* that the district court has jurisdiction to consider and grant a motion for the allowance of fees, though made several months after the conclusion of all appellate proceedings.").

Of course, this case differs from *White*, *Eleven Vehicles*, and *Hicks* in that the attorneys' fees Safeco seeks are not statutory or rule-based, but instead are an element of contractual damages.  But I find no reason that this Court's jurisdiction should depend on the source of the substantive entitlement to attorneys' fees.  Indeed, neither Courts of Appeals that have awarded attorneys' fees incurred on appeal arising as contractual damages, *see, e.g.*, *Colonial Pac. Leasing Corp. v. L&M Engineering Co.*, 83 F.3d 424 (7th Cir. 1996); *Michael-Regan Co., Inc. v. Lindell*, 527 F.3d 653, 659 (9th Cir. 1975),[3] nor district courts that have done so after an appeal, *see, e.g.*, *HLT Existing Franchise Holding LLC v. Worcester Hospitality Group, LLC*, No. 12-cv-8295-PAE, 2015 WL 4879137 (S.D.N.Y. Aug. 14, 2015); *Nature Conservancy, Inc. v. Sims*, No. 5:07-cv-112-JHM, 2013 WL 1332445 (E.D. Ky. March 28, 2013), have expressed any reservations about their authority to award such supplemental relief.

These decisions serve the principle of judicial economy.  As the *White* Court explained, "[i]f Rule 59(e) were applicable, . . . . lawyers predictably would respond by entering fee motions in conjunction with nearly every interim ruling.  Yet encouragement of this practice would serve no useful purpose. . . . [T]he application of Rule 59(e) actually could generate

---

[3] In many such decisions – *Colonial Pac. Leasing Corp.* and *Lindell* included – the Court of Appeals remanded to the district court for a determination of the actual amount of fees owed.  And for good reason: district courts are normally in a better position to make this factual determination, which often requires obtaining from litigants and their counsel clarifying submissions such as bills and attorney affidavits.  In light of this common practice, it was not unreasonable for Safeco to wait to make its request for supplemental attorneys' fees until it returned to this Court.  Had it sought supplemental fees at the Court of Appeals, the Court of Appeals likely would have remanded, requiring Safeco to make the same submission twice.  Further, LBI was on notice from the time of the filing of the "Partial Satisfaction" – only about 45 days after the appeal was filed – that Safeco would eventually seek supplemental fees to reflect the additional work of its counsel.  (*See* ECF No. 57 ("Nothing in this Partial Satisfaction of Judgment shall be deemed a waiver of Safeco's rights to seek additional monetary amounts from defendants arising out of defendants' appeal and pursuant to the indemnity agreement executed by defendants.").)

increased litigation of fee questions . . ." *White*, 455 U.S. at 453. This comports with the Supreme Court's attorneys' fees jurisprudence, which emphasizes avoiding costly fees litigation. *See, e.g.*, *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983) ("A request for attorney's fees should not result in a second major litigation."). Judicial economy supports permitting a litigant to collect supplemental fees accruing after judgment and stemming from a continuation of the litigation – whether the entitlement to fees is under a contract, statute, or court rule. Such a litigant could not have reasonably been expected to seek such fees earlier because they had not accrued at the time of the original fee request. The litigant should not be forced to initiate a new lawsuit, especially where the fee award simply seeks to update the previous award to reflect changed circumstances. *Cf. Rockland Trust Co. v. Computer Assoc. Int'l, Inc.*, No. 95-cv-11683-DPW, 2008 WL 3824791, *6 (D. Mass. Aug. 1, 2008) ("Although I recognize the law of attorney's fees recovery bristles with formalistic distinctions much beloved by lawyers and judges, I believe it more worthwhile to step back and view the matter functionally.").

Application of the principle of judicial economy in this context, however, must be tempered by the limitations on this Court's jurisdiction. A district court does not indefinitely retain jurisdiction for all purposes after it renders judgment. Thus, a district court lacks jurisdiction to enforce a settlement agreement after dismissal of the action, unless it expressly retained jurisdiction or the agreement was made part of the dismissal order. *Hendrickson v. United States*, 791 F.3d 354, 358 (2d Cir. 2015) ("[A] district court does not automatically retain jurisdiction to hear a motion to enforce a settlement agreement simply by virtue of having disposed of the original case. Instead, a motion to enforce a settlement agreement is fundamentally a claim of breach of a contract, part of the consideration of which was dismissal of an earlier federal suit, and therefore requires its own basis for jurisdiction.").

Because this Court did not affirmatively retain jurisdiction over any aspect of this case, it may not now assert jurisdiction over Safeco's post-appeal fee requests simply on the ground that they involve new breaches of the same contract that was previously before the Court. Rather, the ground must be narrower than that, and must be consistent with one of the two purposes of "ancillary jurisdiction" recognized by the Supreme Court: "(1) to permit disposition by a single court of claims that are, in varying respects and degrees, factually interdependent," and "(2) to enable a court to function successfully, that is, to manage its proceedings, vindicate its authority, and effectuate its decrees." *Kokkonen v. Guardian Life Ins. Co. of Am.* 511 U.S. 375, 379–80 (1994). The first purpose, the *Kokkonen* Court suggested, includes consideration of whether it would be "necessary" or "efficient" for the Court to exercise jurisdiction and whether the facts to be determined are "interdependent" or, on the other hand, "quite separate from the facts to be determined in the principal suit." *Id.* at 380–81. The second purpose "relat[es] to the court's power to protect its proceedings and vindicate its authority." *Id.* at 380.

Although cases like *White*, *Eleven Vehicles*, and *Hicks* do not specifically mention "ancillary jurisdiction," the power they recognize to award post-appeal fees falls within one or the other of these two purposes. In *White*, adjudication of whether the plaintiff had prevailed on his Section 1983 claim was "factually interdependent" with the adjudication of that claim itself, and it was "efficient" for one court to handle both. In *Hicks*, awarding fees under Rule 11 was related to the Court's power to protect its proceedings and vindicate its authority; indeed, the *Kokkonen* Court cited the awarding of attorneys' fees as a sanction as an example of the second purpose. *Id.* (citing *Chambers v. NASCO, Inc.*, 501 U.S. 32 (1991) (power to compel payment of opposing party's attorney's fees as sanction for misconduct)). Awarding supplemental fees under a contract, post-appeal, for additional expenses incurred from the defense of the appeal

11

falls within the first purpose of ancillary jurisdiction, just as the post-judgment fees award did in *White*. This Court in the earlier proceeding already determined that LBI breached the contract by failing to pay Safeco its fees for prosecuting this action; all it is doing by awarding fees for the defense of the appeal is to update the damages for the same breach of contract based on the continuation of the litigation before the Court.[4]

The same cannot be said, however, for new breaches of the same contract – breaches that were not adjudicated previously. As shown below, some of Safeco's supplemental requests effectively ask the Court to establish liability and damages based on facts not previously before the Court and exogenous to the litigation itself. Such requests are not sufficiently "factually interdependent" with the original case to enable the Court to exercise ancillary jurisdiction over them.

With these principles and limitations in mind, I address the specific requests for supplemental attorneys' fees asserted in Safeco's motion.

    B. *Specific Requests for Supplemental Attorneys' Fees*

As noted, Safeco lists five bases for supplemental attorneys' fees. I find that defending LBI's appeal is the only appropriate basis for supplemental fees sought by Safeco. The other bases for fees sought by Safeco are inappropriate because they either assert a new claim of breach of contract or should not be awarded based on equitable principles. As a result, I award Safeco **$13,572.00** in supplemental fees.

    i.    **Defending LBI's Appeal**

LBI argues that Safeco is not entitled to supplemental attorneys' fees incurred while defending LBI's appeal of this Court's summary judgment ruling because the Court of Appeals

---

[4] As discussed below, LBI has failed to raise a genuine dispute of fact as to the amount of the fees incurred to defend the appeal.

ruled that the amount in collateral security required adjustment. As a result, LBI contends that it "succeeded" in its appeal. LBI mischaracterizes the Court of Appeals ruling, which affirmed this Court's summary judgment ruling in all respects except that, given intervening developments in the claims made against Safeco, a reevaluation of the appropriate amount of collateral security was necessary. Having determined that this Court was better situated to make such a reevaluation, the Court of Appeals remanded the case to this Court to determine a proper amount. LBI did not succeed in the appeal; the merits of this Court's ruling were affirmed expressly. *See Safeco*, 599 Fed. App'x at 11 ("The district court did not err in its interpretation of the [indemnity agreement]."). Further, there is no doubt that Safeco incurred the attorneys' fees in defending the appeal "by reason of having executed any bond," just as it incurred fees for prosecuting this action in this Court for that reason. Safeco is thus entitled to these supplemental fees under the indemnity agreement.

Having found that this is a proper basis for supplemental fees under the indemnity agreement, I must address whether Safeco's evidentiary submissions are sufficient to trigger the prima facie evidence clause. As Safeco notes in its memorandum, the itemized statements and affidavits it has submitted (*see* ECF Nos. 64-8, 64-9, 64-10) are identical in kind to the itemized statements and affidavits this Court found sufficient to trigger the prima facie evidence clause in the May 16 Ruling (*see* ECF Nos. 45, 47). LBI does not contest whether the itemized statements are sufficient under the prima facie evidence clause, but instead argues generally that the Court would have to "reopen" its judgment in order to award these fees, which, according to LBI, it does not have the authority to do. As discussed above, I reject LBI's argument concerning the Court's authority to award supplemental fees. Because I have ruled previously that identical evidence was sufficient to trigger the prima facie evidence clause, I find the exhibits Safeco

submitted with its motion for supplemental fees sufficient as well. And because LBI has submitted no evidence to rebut Safeco's prima facie showing that it incurred $13,572.00 in fees in defending the appeal, I award that amount to Safeco.[5]

### ii. Preparing a Response to the February 21 Ruling

Safeco contends it is entitled to fees it incurred while preparing a response to the February 21 Ruling. As noted, the February 21 Ruling found LBI liable to Safeco under the indemnity agreement for the fees Safeco incurred in prosecuting this action as well as defending the third party actions against Safeco. The Court found Safeco's submissions proving the amount of attorneys' fees insufficient, however, and afforded Safeco a second opportunity to make adequate submissions. LBI argues Safeco should have included this request for fees in its submission to the Court responding to the February 21 Ruling. Safeco responds that "[n]either Safeco nor Defendants were able to predict when this Court would issue its ruling on Safeco's Motion for Summary Judgment. . . . The legal and factual reality is that a cutoff date had to be chosen for Safeco's fee application and that date was January, 2014, the date that Safeco filed its [original] Motion for Summary Judgment." (ECF No. 67, at 7.)

Although this item falls within the Court's authority – because it involves the costs of prosecuting this action – I agree with LBI that Safeco should not be allowed to recover the fees incurred in responding to the February 21 Ruling, but for a different reason: awarding Safeco fees for responding to the February 21 Ruling would be compensating it for two fee applications for the same time period – the first deficient, and the second adequate only because the Court

---

[5] I note that my determination as to the amount of fees incurred in the appeal is based on the itemization provided by Safeco. To the extent there were additional amounts incurred but not itemized in a manner sufficient to show they were related to the appeal, those amounts are not awarded. Any such failure by Safeco to submit an adequate "itemized statement of loss and expense" would mean that the "prima facie evidence" clause of the agreement was not triggered. And there is no other evidence in the record that would support an award of additional amounts not described as clearly related to the appeal.

Case 3:12-cv-01105-MPS   Document 70   Filed 12/02/15   Page 15 of 18

instructed Safeco's counsel how to comply with the parties' agreement.  I find no reason to permit Safeco a second chance to recover these fees, and find that doing so would remove an incentive for similarly situated parties to ensure that their original requests for attorneys' fees are complete.  Such an award would thus not be an award for "reasonable attorneys' fees" under the indemnity agreement.  This ruling is consistent with the May 16 Ruling.  There, in approving Safeco's fees request, I noted that "none of the new expenses included in the itemized statement appear to relate to the filing of the papers that respond to the Court's February 21 order."  (May 16 Ruling, at 8.)  As a result, I deny Safeco's request for supplemental fees on this basis.

### iii.    Attending the Trial in the "Suntech of Connecticut Matter"

Safeco contends that it is entitled to attorneys' fees it incurred as a result of attending the "Suntech of Connecticut matter that was tried between October 28, 2014 and November 25, 2014."  (Pl.'s Mtn. at 3.)  It appears that this is in reference to Suntech of Connecticut's claim against Safeco, which was deemed a valid basis for collateral security under the indemnity agreement.  (*See* Def.'s Obj., ECF No. 65, at 3 n.1.)  I find that Safeco is not entitled to supplemental fees on this basis.  In seeking these fees, Safeco asserts essentially a new breach of contract claim.  As opposed to fees incurred in defending LBI's appeal, which was an extension of its prosecution of this action before this Court, LBI's alleged failure to pay the attorneys' fees associated with Safeco's attendance at the Suntech trial presents the Court with new facts – and potentially a new breach of contract – that is not so closely intertwined with the earlier action before this Court to warrant the exercise of ancillary jurisdiction.  Further, unlike defending the appeal, much of which is judicially noticeable, those facts are entirely exogenous to this litigation.  While it is true that the original action involved collateral related to the Suntech matter, it is not clear from the record that any of the earlier fees related to Suntech.  Under these

15

circumstances, I find that this basis for supplemental fees asserts a claim too remote from the claims of breach of contract addressed in this Court's summary judgment ruling. To be sure, as stated below, Safeco may seek to recover these fees in an independent action. It would be inappropriate, however, for this Court to award such fees in this procedural posture. I therefore deny Safeco's request for supplemental fees incurred while attending the Suntech trial.

### iv. Responding to the Department of Insurance Complaint

Safeco argues that it is entitled to the fees it incurred while responding to a complaint LBI allegedly filed against Safeco with the Connecticut Insurance Department. LBI contends that such fees do not fall under the indemnity agreement, stating, "any administrative action would have been based on direct claims against Safeco and not a claim on any bond to which the [indemnity agreement] applies." (ECF No. 65, at 7.) In response, Safeco argues that these fees fall under the indemnity agreement because the bonds it issued relating to the indemnity agreement were the but-for cause of the Department of Insurance inquiry: no complaint would have been filed with the Insurance Department if Safeco had never issued the bonds under its agreement with LBI. Thus, Safeco argues, these fees were incurred "by reason of having executed" those bonds.

I agree with Safeco that responding to an administrative complaint made by LBI regarding these bonds would fall under the indemnity agreement, particularly given the provision stating that the indemnity agreement "is to be liberally construed so as to protect, exonerate and indemnify the Surety." (Indemnity Agreement, General Provisions ¶ 11.) But, as with the Suntech litigation, these fees are not sufficiently "factually interdependent" with the original action to justify the exercise of ancillary jurisdiction. In fact, this fee request is wholly unrelated to any claim of breach of contract this Court considered in its summary judgment ruling.

Because this request for fees asserts a completely new breach of contract claim, the Court does not have jurisdiction to award such supplemental fees. Safeco may, however, seek these fees in an independent action.

### v. Additional Attorneys' Fees Associated with Concluding Various Payment Bond Claims

Finally, Safeco seeks supplemental attorneys' fees "associated with concluding various payment bond claims that were asserted against Safeco." Safeco provides no further explanation of the fees incurred on this basis. If Safeco is referring to bonds issued under the indemnity agreement, then the fees associated with concluding those payment bond claims may fall under the indemnity agreement. But Safeco fails to provide any evidence that this is so. Further, as with the attendance of the Suntech trial and responding to the Department of Insurance complaint, it is not apparent that this request for supplemental fees is closely related to a matter adjudicated in the original action. As a result, this request appears to assert a breach of contract claim separate from the breach of contract claims addressed in the summary judgment ruling, and this Court thus cannot award supplemental fees on this basis. Again, Safeco may seek these fees in an independent action.

## III. Conclusion

Safeco is entitled to supplemental attorneys' fees incurred while defending LBI's appeal of this Court's summary judgment ruling. Safeco cannot obtain supplemental attorneys' fees from this Court with respect to the other four bases it asserts. As to those fees I reject, this ruling is not intended to have any *res judicata* or collateral estoppel effect on any future claim by Safeco against LBI that it is entitled to damages for further breaches of the indemnity agreement.

Safeco's motion for supplemental attorneys' fees is therefore GRANTED in part and DENIED in part. Based on Safeco's itemized statement of fees and costs, Safeco incurred

$13,572.00 in defending LBI's appeal.  I therefore award Safeco **$13,572.00** in supplemental attorneys' fees.

IT IS SO ORDERED.

                                                  /s/
                                       Michael P. Shea, U.S.D.J.

Dated:       Hartford, Connecticut

               December 2, 2015